RECEIVED

MAY - 5 2004

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

TRENA M. COOK,

    Plaintiff,

v.

    Civil Action No. 6:04-CV-0411
    (Honorable Joseph Robert Goodwin)

GENERAL ELECTRIC COMPANY,

    Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant General Electric Company, and Roger Amos ("Mr. Amos")[1], by counsel, and submit this Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Complaint as to Roger Amos.

### I. INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, GE and Mr. Amos move to dismiss Plaintiff's Complaint as to Mr. Amos, with prejudice. Plaintiff has apparently attempted to fraudulently join Mr. Amos as a defendant in this matter.[2] This attempted joinder can only be for the sole purpose of attempting to defeat diversity jurisdiction. There are no allegations contained in the Complaint that would allow a finding that Mr. Amos is liable to the Plaintiff under state law. As a result, and to the extent the Complaint is deemed to join Mr. Amos as a Defendant, Plaintiff Complaint's as to Mr. Amos must be dismissed.

---

[1] While Amos is jointly represented by counsel for GE, he was not named as a Defendant to this action and is not a party to the above-captioned action. Amos joins in Defendant GE's Motion to Dismiss only to the extent that this Court may construe Mr. Amos as a party to this action.

[2] On or about April 23, 2004, Plaintiff served Roger Amos with a copy of the Complaint and claimed that Mr. Amos, a citizen of West Virginia, was a defendant to this suit. However, Plaintiff failed to list Amos as a party as is required under Federal Rule of Civil Procedure 10(a)2 ("In the Complaint the title of the action shall contain the names of all parties")(emphasis added). As a result, Plaintiff is not a party to this action and all allegations against Mr. Amos should be dismissed.

## I. STATEMENT OF FACTS

In Plaintiff's Complaint, Plaintiff alleges that GE engaged in gender discrimination in violation of the West Virginia Human Rights Act. W. Va. Code §§ 5-11-1, et seq. ("WVHRA"). Plaintiff further alleges that Mr. Amos, a GE employee, aided GE in discriminating against the Plaintiff in violation of the provisions of W. Va. Code § 5-11-9(A).[3]

Plaintiff refers to Mr. Amos as only one of numerous employees of Defendant GE (both named and unnamed) to whom Plaintiff allegedly complained about her pay rate. (Complaint ¶ 10 and ¶ 16). In the Complaint, Plaintiff identifies Mr. Amos as an individual who allegedly offered to help Plaintiff address her concerns about her pay but who eventually reported to Plaintiff that he could do nothing to correct her salary. (Complaint, ¶ 16). By this statement, Plaintiff is clearly aware that Mr. Amos had no authority to establish or change her rate of pay. In fact, Plaintiff admits that Amos instead attempted to assist Plaintiff but could not help. Plaintiff's Complaint fails to allege a good faith, cognizable cause of action against Mr. Amos, and Plaintiff's Complaint should be dismissed as to Mr. Amos.

## III. ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a trial court to dismiss a pleading for failure to state a claim upon which relief can be granted. In deciding whether to dismiss, the court typically must limit its inquiry to the facts alleged in the complaint. Lovelace v. Software Spectrum, Inc., 78 F.3d 1015 (5th Cir. 1996); 2 Moore's Federal Practice § 12.34[2] (Matthew Bender 3d ed.) However, for the purposes of evaluating whether a party has been fraudulently joined, a "court is not bound by the allegations of the pleadings, but may instead

---

[3] Plaintiff failed to specifically identify which section of the West Virginia Human Rights Act that she alleged that Mr. Amos violated. For purposes of this motion, GE and Mr. Amos will assume that Plaintiff's Complaint alleges violations of W.Va. Code § 5-11-9(7)(A).

2

consider the entire record, and determine the basis of joinder by any means available." Watson v. Appalachian Power Co., 934 F.Supp. 191 (S.D. W.Va. 1996); see Rinehart v. Consolidation Coal Co., 660 F.Supp. 1140 (N.D. W.Va. 1987). Upon consideration of the record before this Court, Plaintiff failed to establish a claim upon which relief could be granted and, therefore, her claims against Mr. Amos must be dismissed.

**B.      There is no good faith basis in law or fact for the allegations against Mr. Amos.**

Under facts known to Plaintiff, this Court cannot impose individual liability on Mr. Amos pursuant to the WVHRA. West Virginia Code § 5-11-9(A) provides that it is a violation of the provisions of the WVHRA for any person to: "(A) engage in . . . or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss or to aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in this section . . . ." W. Va. Code § 5-11-9(7)(A).

Under the WVHRA, a co-employee may be liable only if he or she aids or abets an employer in engaging in unlawful discriminatory practices. Holstein v. Norandex, 461 S.E.2d 473 (1995). While West Virginia courts have yet to expressly define the terms "aid" or "abet," other courts in the employment context have defined the terms "aid" and "abet" to mean the assistance of one party to another party's commission of an unlawful act. See Shepard v. Hunterdon Developmental Center, 765 A.2d 217, 233 (N.J. Supr. Ct. 2001)(under New Jersey's anti-discrimination statue, "[T]o 'aid' means to 'assist, support, or supplement the efforts of another and to 'abet' means 'to encourage, counsel, incite or instigate.'")

In the present matter, Plaintiff cannot, in good faith, claim that Mr. Amos "aided" or "abetted" in any adverse unlawful discriminatory practice. Plaintiff's sole allegation of discrimination, in this case, is based upon GE's alleged practice of paying Plaintiff less than

3

male employees (allegedly based upon her gender). Mr. Amos could not have "aided and abetted" GE in this alleged discriminatory practice because Mr. Amos had no authority to establish or change Plaintiff's pay rate. See Failla v. Passaic, 146 F.3d 149 (3rd Cir. 1998)(finding that an individual is not liable for "aiding and abetting" unless he or she <u>knowingly</u> gives <u>substantial</u> assistance or encouragement to an employer's commission of unlawful discriminatory acts); See also Birkbeck v. Marvel Lighting Co., 30 F.3d 507, 510 (4th Cir. 1994)(finding that, under the ADEA, there is no individual liability for personnel decisions that are delegable in nature); See also Ferraro v. Bell Atlantic Co., Inc., 2 F.Supp.2d 577 (D.N.J. 1998); See also, Stephens v. Kay Management Co., 907 F.Supp. 169 (1995).

During the time period that Mr. Amos allegedly "aided and abetted" GE in violating the WVHRA, Mr. Amos was working as an acting finishing manager. Mr. Amos was placed in this interim position so that he could assist the day-to-day activities of employees in the finishing department while the regular Finishing Manager was on a medical leave of absence.

While in this interim position, Mr. Amos had no authority to address personnel issues. More specifically, Mr. Amos had no authority to establish or change Plaintiff's (or any employee's) rate of pay. Consequently, Mr. Amos did not establish or change Plaintiff's rate of pay nor did Mr. Amos provide any input into any decision regarding Plaintiff's pay rate. Mr. Amos' lack of authority was well-known to Plaintiff as Plaintiff admits (in her Complaint) that Mr. Amos informed her that there was nothing he could do to change her salary.

Further, assuming arguendo (for the purpose of this motion) that Plaintiff's Complaint is true, Plaintiff states in her Complaint that Mr. Amos, instead of assisting GE in any alleged discriminatory act, actually attempted to assist the Plaintiff in addressing her concerns about her pay rate. Plaintiff does not set forth any allegations in her Complaint which would be sufficient to hold Mr. Amos liable under the WVHRA. Absent any factual evidence that Mr.

4

Amos engaged in any conduct violative of §5-11-9(7)(A) of the WVHRA, Plaintiff's allegations against Mr. Amos must be dismissed.

### C. Mr. Amos is fraudulently joined as a party in the pending matter.

Fraudulent joinder exists where there is no possibility that a plaintiff can impose liability against a defendant in state court, "'or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts'." Miller v. BAS Technical Employment Placement Co., 153 F. Supp. 2d 835, 837 (S.D. W. Va. 2001) (finding that the plaintiff fraudulently joined the defendant where the plaintiff is unable, in fact or law, to support her deliberate intent claims.); See Jackson v. Allstate Insurance Co., 132 F. Supp. 2d 432 (N.D. W. Va. 2000); Arthur v. E. I. du Pont de Nemours and Company, 798 F. Supp. 367, 369 (S.D. W. Va. 1992).

In this case, Mr. Amos is fraudulently joined because there is no possible way that Plaintiff could recover against him under the WVHRA. Specifically, there exist no facts that would support a finding that Mr. Amos engaged in activities that are violative of the WVHRA – as Mr. Amos had no authority to establish or change Plaintiff's rate of pay.

Based on the allegations outlined in Plaintiff's Complaint, it is clear that there is no possibility that Plaintiff has an actionable claim against Mr. Amos under state law. There is no evidence that Mr. Amos aided and abetted GE in any alleged gender discrimination. In fact, pursuant to Plaintiff's own admission, Mr. Amos actually attempted to assist the Plaintiff in addressing her pay rate concerns. As such, this Court should dismiss Plaintiff's action against Mr. Amos, and find that Plaintiff's claims against Mr. Amos are without any basis in either law or fact.

Significantly, as previously mentioned, Plaintiff refers to Mr. Amos as only one of numerous employees of Defendant GE (both named and unnamed) to whom Plaintiff allegedly complained about her pay rate. (Complaint ¶ 10 and ¶ 16). Despite the fact that

5

Plaintiff makes this same allegation against numerous individuals – some of whom (unlike Mr. Amos) may have had some vague input into decisions regarding pay rates – Plaintiff only attempts to name Mr. Amos as an individual Defendant. Of the numerous individuals to whom Plaintiff allegedly complained, Mr. Amos is, under the circumstances, the one misfortunate soul who resides in the state of West Virginia. Clearly, Plaintiff's motivation for attempting to join Mr. Amos was for the sole purpose of attempting to defeat diversity jurisdiction. Such purpose is improper. Plaintiff's Complaint as to Roger Amos must be dismissed.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth above, and the reasons set forth in the Motion to Dismiss Plaintiff's Complaint as to Roger Amos, Defendant GE and Roger Amos respectfully moves this Court for an Order dismissing, with prejudice, Plaintiff's Complaint against Defendant Roger Amos.

**GENERAL ELECTRIC COMPANY and ROGER AMOS**

By SPILMAN THOMAS & BATTLE, PLLC

_Ellen J. Vance_
Niall A. Paul (WV State Bar # 5622)
Ellen J. Vance (WV State Bar #8866)
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, West Virginia 25321-0273
(304) 340-3800

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

TRENA M. COOK,

    Plaintiff,

v.                                       Civil Action No. 6:04-CV-0411
                                      (Honorable Joseph Robert Goodwin)

GENERAL ELECTRIC COMPANY,

    Defendant.

## CERTIFICATE OF SERVICE

I, Ellen J. Vance, do hereby certify that I have served a true and exact copy of the foregoing "**Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint**" by placing a copy of the same into the United States Mail, this 5th day of May, 2004, addressed to:

        Walt Auvil, Esquire
        The Employment Law Center
        1208 Market Street
        Parkersburg, West Virginia 26101-4323


                                      */s/ Ellen J. Vance*
                                  Ellen J. Vance (WV State Bar # 8866)